# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8121 | **DATE** | 9/16/2002 |
| **CASE TITLE** | McDonald's Corp. Vs. Simon Marketing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court enters orders of default against defendants Jacobson, Colombo, Baker, and Glob on Counts 1,2,3, and 7. Prove up as to those defendants set to 10/15/02 at 10:00 a.m. Simon's motion to dismiss the claims against it pursuant to Rule 12(b)(1) is granted. Simon's motion to stay and its motion to dismiss pursuant to Rules 9(b) and 12(b)(6) are terminated as moot. Upon entry of default judgments against the above-named individual defendants, all of the claims against Simon Marketing and Simon Worldwide will be dismissed pursuant to Rule 12(b)(1) and 28 U.S.C.§1367(c)(2)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| OR | courtroom deputy's initials | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
SEP 2 0 2002

McDONALD'S CORP.,

      Plaintiff,

vs.

SIMON MARKETING, INC.; SIMON
WORLDWIDE, INC.; JEROME JACOBSON;
ROBIN COLUMBO; NOAH BAKER, SR.;
RONALD HUGHEY; and ANDREW GLOMB,

      Defendants.

Case No. 01 C 8121

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

McDonald's Corporation has sued Simon Marketing, Inc., Simon Worldwide, Inc. (collectively "Simon"), Simon Marketing's former Director of Security Jerome Jacobson; and Robin Columbo, Noah Baker Sr., Ronald Hughey, and Andrew Glomb, for claims arising from an elaborate scheme involving the diversion of winning game pieces from promotional contests conducted at McDonald's restaurants. Simon assisted McDonald's in conducting the games, which typically included a very small number of high-value game pieces (either "instant winner" pieces or pieces needed to complete a particular set). Simon was responsible for placing these pieces randomly into the stream of commerce so that game participants had a fair opportunity to win high-value prizes. Instead, McDonald's alleges, Jacobson diverted high-value pieces and recruited confederates – including the other individual defendants – to receive the pieces and masquerade as legitimate winners. Jacobson and others were indicted in federal court in Florida



for their alleged participation in the scheme, and numerous civil actions were filed against McDonald's and Simon by disappointed McDonald's customers. (All such federal lawsuits have been consolidated before this Court for pretrial proceedings pursuant to 28 U.S.C. §1407.)

McDonald's asserts seven claims against the defendants. Counts 1 and 2 are claims under the Racketeer Influenced and Corrupt Organizations Act against Jacobson and the other individual defendants, charging them with conducting Simon's affairs through a pattern of racketeering activity and conspiring to do so. Simon Marketing and Simon Worldwide are not named as defendants in the RICO claims. Count 3 is a common law fraud claim, and Count 7 is a common law conspiracy claim, both made against all defendants. The remaining claims are against Simon only: Count 5 (breach of contract), Count 6 (breach of fiduciary obligation), and Count 4 (seeking a declaratory judgment requiring Simon to indemnify McDonald's for its losses and expenses resulting from the alleged scheme). The RICO claims provide the only basis for federal subject matter jurisdiction, as diversity of citizenship is lacking between McDonald's and Simon. McDonald's contends that the Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. §1367(a).

Later on the same day that McDonald's filed the present action, Simon filed suit in California state court against McDonald's for fraud, breach of the parties' contract, and other causes of action. On May 20, 2002, McDonald's moved to dismiss or to stay the California action pending resolution of the present case. Two days later, Simon filed a motion to dismiss the state law claims in the present case or in the alternative to stay this case pending resolution of the California case. On July 1, 2002, the judge in the California action stayed that case, but only until this Court determines Simon's motion to dismiss or stay.

2

## Discussion

Simon argues that the Court should decline to exercise supplemental jurisdiction over the state law claims because those claims substantially predominate over McDonald's federal claims or because "exceptional circumstances" exist counseling against the exercise of jurisdiction. It argues in the alternative that this case should be stayed pursuant to *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), pending resolution of the California case. For the reasons stated below, the Court finds that the state law claims substantially predominate over the federal claims and therefore grants Simon's motion to dismiss the state law claims against it.

Section 1367(a) grants federal district courts jurisdiction over "all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy" as those claims. There is no question that the state law claims in this case satisfy this test. The issue, rather, is whether the Court should decline to exercise supplemental jurisdiction over the state law claims under §1367(c)(2) or (4), which respectively provide that a court may decline to exercise supplemental jurisdiction if the state law claims "substantially predominate[ ]" over the federal claims or if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Simon cites four factors in support of dismissal of the state law claims: Jacobson has pled guilty to criminal charges arising from the scheme and is the subject of a restitution order requiring him to pay McDonald's $12 million; the consumer suits against McDonald's are on the verge of settling, which will result in dismissal of the federal cases pending before this Court as part of the coordinated pretrial proceedings; state law actions involving similar issues are

3

pending in California; and a jury would be confused by having to deal with both McDonald's RICO claims against the individual defendants and its claims against Simon which are premised on vicarious liability.

The Court can quickly reject two of these arguments. First, the pendency or non-pendency of the consumer lawsuits against McDonald's has no bearing on whether this case should proceed here. Those lawsuits were the basis of this Court's decision to ask the Executive Committee of the Northern District of Illinois to transfer the present case from another judge to this Court's calendar as a related matter, but the pendency or dismissal of the consumer cases will have little or no effect on the proceedings in the present case. Second, at this juncture the Court does not see any serious likelihood of jury confusion inherent in the present case; it is likely that any potential for confusion arising from the fact that McDonald's has made claims against both the individual defendants and Simon could be eliminated by appropriate jury instructions.

The fact that Jacobson has agreed to entry of a restitution order for $12 million by itself has no bearing on whether the Court should retain jurisdiction; there is no serious argument that Jacobson can satisfy that order in its entirety or that this renders moot the claims against the other individual defendants. But based on this and other factors, Simon argues that McDonald's has no real intention of pursuing the individual defendants and that they are in effect sham defendants named only to provide a pretext for federal jurisdiction, rather than as part of a genuine claim for relief. Simon notes that even though none of the individual defendants has answered the complaint, McDonald's has not asked the Court to enter default judgments, and it never responded to the motion to dismiss filed by the one individual defendant (Hughey) who

4

filed a responsive pleading. It also suggests that the individual defendants are likely judgment-proof and that McDonald's has no real intention or hope of recovering from any of them.

The fact that the individual defendants might be judgment-proof does not warrant dismissal of the claims against Simon. A plaintiff can properly pursue a claim against a defendant even if it might not recover money after obtaining a judgment; one can easily posit circumstances in which a plaintiff can make a rational judgment that the importance of obtaining a judgment, even an uncollectible one, outweighs the interest in conserving its own and judicial resources.

But there is virtually no likelihood that McDonald's will be required to go to trial on its RICO claims. First of all, as part of this order the Court will, on its own motion, enter orders of default against the individual defendants who have not answered the complaint, *see* Fed. R. Civ. P. 55(a) (Clerk is to enter default if party fails to defend), and will set a date for prove-up of McDonald's damages. That will leave only defendant Hughey, who filed a *pro se* answer to the complaint following the Court's denial of his motion to dismiss. But Hughey recently pled guilty to conspiracy to commit mail fraud in connection with his participation in the scheme. *See* "2 plead guilty to conspiracy at McDonald's game trial," 2002 WL 5969362 (Fla. Times-Union Aug. 15, 2002). The criminal judgment that will be entered against Hughey will have a preclusive effect in this case that will, in all likelihood, largely satisfy McDonald's burden of proving the RICO claims against the only defendant who has contested that claim. Once default judgments are entered against the other individual defendants, as they soon will be, the effect of Hughey's guilty plea will be to reduce the RICO claims to a bobbed tail attempting to wag a very large dog.

There is, to be sure, some overlap between the evidence underlying the claims against the

individual defendants and that underlying the claims properly made against Simon. Though the Court would, if it were necessary to do so, dismiss for failure to state a claim McDonald's fraud and conspiracy claims against Simon to the extent they are based on purported vicarious liability for Jacobson's conduct,[1] the other claims against Simon (including the fraud claim, insofar as it is based on Simon's own alleged misrepresentations) would require McDonald's to prove at least the outlines of the scheme in order to demonstrate Simon's knowledge or reckless disregard of its existence. But with the RICO claims' near-resolution as a result of the entry of default orders against three of the individual defendants and Hughey's guilty plea, McDonald's will have no need for a full-blown trial to prove its claims against the individual defendants.

On the other hand, were the Court to retain jurisdiction of McDonald's claims against Simon, Simon would, in all likelihood, be required to assert as compulsory counterclaims its claims against McDonald's that are now pending in California state court. The dog being wagged by the ever-diminishing RICO tail would, at that point, greatly increase in girth, accentuating even further the predominance of the state claims over the federal claims.

One final comment. McDonald's was the first to file suit over the Simon-McDonald's

---

[1] Both parties have argued the vicarious liability issue as though Illinois law applies, even though neither Simon nor Jacobson, the employee whose conduct forms the basis for the vicarious liability claims, was based in Illinois. Illinois law makes an employer vicariously liable for the negligent, wilful, malicious or even criminal acts of its employees committed in the course of employment and in furtherance of the business of the employer, but precludes vicarious liability if the acts were committed solely for the benefit of the employee. *See, e.g., Starr v. Leininger,* 198 Ill. App. 3d 622, 623-24, 556 N.E.2d 266, 267 (1990). Unless an employee's intentional tort was motivated, at least in part, by an intent to serve the employer, the employer cannot be vicariously liable. *See Pyne v. Witmer,* 129 Ill.2d 351, 360, 543 N.E.2d 1304, 1308 (1989); *Hargan v. Southwestern Electric Cooperative, Inc.,* 311 Ill. App. 3d 1029, 1032, 725 N.E.2d 807, 810 (2000); Restatement (Second) of Agency §228 (1957). McDonald's has made no argument that would support a conclusion that Jacobson was motivated by anything other than his own interests, nor can the Court think of one.

disputes, and it chose an Illinois forum, as it was entitled to do. If the individual defendants had elected to contest, or (in Hughey's case) were in a position to dispute their participation in the scheme, the existence of those claims, the overlap between them and the state-law claims, and the fact that Simon filed suit in its own home forum only after McDonald's had first sued, would be sufficient to require denial of Simon's motion under §1367(c) and *Colorado River*. But the absence, as things have developed, of a serious dispute over the only federal claims against this case – which never included Simon as a defendant in any event – requires a different assessment of the propriety of supplemental jurisdiction. The Court must evaluate the propriety of retaining jurisdiction over state law claims at the time it considers the request. *Cf. Wellness Community v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995) (issue of supplemental jurisdiction should be reconsidered in light of developments following filing of case). Once default judgments are entered against the individual defendants other than Hughey, the state claims were predominate significantly over the remaining federal claims.

## Conclusion

For the reasons stated above, the Court enters orders of default against defendants Jacobson, Colombo, Baker, and Glomb on Counts 1, 2, 3, and 7. The matter is set for prove-up as to those defendants on October 15, 2002 at 10:00 a.m. McDonald's is directed to serve this order on those defendants forthwith and is directed to file and serve on the defendants any and all materials in support of the prove-up by no later than October 8, 2002. Simon's motion to dismiss the claims against it pursuant to Rule 12(b)(1) is granted. Simon's motion to stay and its motion to dismiss pursuant to Rules 9(b) and 12(b)(6) are terminated as moot. Upon entry of default judgments against the above-named individual defendants, all of the claims against Simon

Marketing, Inc. and Simon Worldwide, Inc. will be dismissed pursuant to Rule 12(b)(1) and 28 U.S.C. §1367(c)(2).

MATTHEW F. KENNELLY
United States District Judge

Date: September 16, 2002